UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| DENNIS SHAWN ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 6: 22-63-HRW |
| | ) | |
| V. | ) | |
| | ) | |
| WAYNE CO., KY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Dennis Roberts is an inmate confined at the Wayne County Detention Center. Roberts has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. [D. E. No. 1] The Court has granted his motion to proceed *in forma pauperis* by separate Order. The Court must review the complaint prior to service of process, and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

1

In his complaint, Roberts indicates that in 2017 he filed an excessive force claim against the Wayne County Detention Center, and states that at that time he did "not have access to law literature or proper terms law library ..." He then states that "brings me to 2022 month and day of filing March 19th no law library that can even remotely be considered meaningful, adequate, or even existable." Roberts asks the Court for "leniency" regarding his claims. [D. E. No. 1 at 4] Roberts names as defendants Wayne County, Kentucky; the Wayne County Detention Center; and Jailer Ronnie Ellis in his official capacity as defendants. *Id*. at 1-2. However, he makes no allegations against any of them. Roberts did not file his complaint on a form approved for use by this Court, and completed only half of the complaint form he did file. Roberts does not clearly request any form of relief.

The Court has thoroughly reviewed Roberts's complaint, but concludes that it must be dismissed for failure to state a claim upon which relief may be granted. First, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Sampson v. Garrett*, 917 F. 3d 880, 882 (6th Cir. 2019) ("[e]ven a pro se prisoner must link his allegations to material facts … and indicate what each defendant did to violate his rights …"). Roberts makes no factual allegations at all against any of the named defendants, and his complaint therefore fails to state a claim against them.

In addition, Roberts names the Wayne County Detention Center as a defendant, but the jail is not an entity which may be sued apart from the county that operates it.  *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008).  Roberts's claims against Wayne County itself and against Jailer Ellis in his official capacity constitute claims against Wayne County.  *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint.").  But Roberts does not allege that the assertedly unconstitutional condition about which he complains is the product of a clearly-identified county policy or custom.  Without such an allegation, he fails to state a viable claim under *Monell v. Dept. of Social Services*, 436 U.S. 658 (1978).  *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010); *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Finally, even disregarding these pleading deficiencies, Roberts's conclusory allegations about the insufficiency of the jail's law library are not sufficient to state a claim for denial of access to the courts.  As the Court has previously explained to Roberts:

> The right of access to the courts guaranteed by the First Amendment "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977).  However, the concern is "a right of access to the courts, not necessarily to a prison law library."

> *Walker v. Mintzes*, 771 F.2d 920, 932 (1985) (emphasis in original); *see also Lewis v. Casey*, 518 U.S. 343, 350 (1996) (noting that *Bounds* did not establish a right to a law library). Moreover, "[b]ecause *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). Rather, to establish a claim that the jail has interfered with his right of access to the courts, a prisoner must show actual injury to a nonfrivolous claim. *Id*. at 353-55.

*Roberts v. Marvac*, No. 6: 18-CV-196-GFVT (E.D. Ky. Nov. 15, 2018), *aff'd*, No. 20-5167 (6th Cir. Nov. 6, 2020). Here, Roberts only claims that the law library is, in some unspecified way, inadequate. He does not allege palpable injury to a non-frivolous claim. His allegations are thus not sufficient to state a viable claim under the First Amendment.

For each of the foregoing reasons, Roberts's complaint will be dismissed for failure to state a claim.

Accordingly, it is **ORDERED** as follows:

1. Roberts's complaint [D. E. No. 1] is **DISMISSED**.

2. This matter is **STRICKEN** from the active docket.

This the 11th day of April, 2022.



Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**